**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DAVID M. HENDY,<br>    Appellant, | DOCKET NUMBER<br>CH-1221-20-0151-W-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>    Agency. | DATE: July 24, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>David M. Hendy</u>, Chicago, Illinois, pro se.

<u>Grant T. Swinger</u> and <u>Stephanie Macht</u>, Hines, Illinois, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

On February 27, 2020, the administrative judge issued an initial decision dismissing the appellant's IRA appeal for lack of jurisdiction based on his failure to establish exhaustion before the Office of Special Counsel. Initial Appeal File (IAF), Tab 22, Initial Decision (ID) at 2, 14. The initial decision informed the parties that the decision would become the Board's final decision unless either party filed a petition for review by April 2, 2020. ID at 14.

On May 8, 2020, the appellant requested a 45-day extension of time in which to file his petition for review. Petition for Review (PFR) File, Tab 1 at 3. He explained that he had suffered extreme hardship over the previous 2 months, which had provided good cause for his requests for an extension of time to file pleadings in two of his other appeals pending in a Board regional office. Specifically, he claimed that he had undergone cancer surgery and that there had been a death in his household. *Id.* The appellant then argued the merits of his petition for review, *id.* at 5-9, submitting additional documentation for the Board's consideration. *Id.* at 12-14.

On May 8, 2020, the Clerk of the Board denied the appellant's request for an extension of time in which to file his petition for review on the basis that any such a request must be filed on or before the due date of the petition for review, here, April 2, 2020. PFR File, Tab 2 at 1 n.*. The Clerk explained that, because the appellant's petition appeared to be untimely filed, it must be accompanied by a motion to accept the filing as timely, and/or waive the time limit for good cause. *Id.* at 2. The Clerk further explained that, if the appellant wished to file such a motion, he must include either: (1) a statement, signed under penalty of perjury, or (2) an affidavit showing either that his petition was timely filed, even though it was filed more than 35 days after the initial decision was issued, or that there is good cause for the late filing. The Clerk enclosed for the appellant a "Motion to Accept Filing as Timely or to Waive Time Limit" form, *id.* at 7-8, advising him that his motion and properly-filed statement must be filed by May 23, 2020, and stating that, if he did not do so, the Board may dismiss his

petition for review as untimely filed, which would result in the initial decision becoming the Board's final decision. *Id.* at 2. The appellant did not submit such a motion.[2]

The appellant bears the burden of proof by preponderant evidence regarding timeliness. 5 C.F.R. § 1201.56(b)(2)(i)(B). A petition for review must be filed within 35 days after issuance of the initial decision or, if a party shows that he received the ID more than 5 days after it was issued, within 30 days of receipt.[3] *Williams v. Office of Personnel Management*, 109 M.S.P.R. 237, ¶ 7 (2008); 5 C.F.R. 1201.114(e).

The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. *Williams*, 109 M.S.P.R. 237, ¶ 7; 5 C.F.R. § 1201.114(g). To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). Here, the appellant's petition for review is 5 weeks late, and he has failed to comply with the Board's order to either file a motion to accept the filing as timely or waive the time limit for good cause.

Accordingly, we dismiss the petition for review as untimely filed.[4] This is the final decision of the Merit Systems Protection Board regarding the timeliness

---

[2] The appellant did file a pleading on May 29, 2020, which the Board did not accept, finding it an additional pleading and, therefore, unauthorized under 5 C.F.R. § 1201.114(a), (e). PFR File, Tab 3.

[3] The appellant raises no such claim regarding receipt.

[4] Even if we were to consider the claims the appellant raised in his May 8, 2020 pleading, we would still find that the appellant has not establish good cause for the untimely filing. To establish that an untimely filing was the result of an illness, the party must: (1) identify the time period during which he suffered from the illness; (2) submit medical evidence showing that he suffered from the alleged illness during that time period; and (3) explain how the illness prevented him from timely filing his appeal or a request for an extension of time. *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998). Based on the record evidence in this appeal, the appellant's vague assertions, unsupported by medical documentation, fail to establish that he has met these requirements. PFR File, Tab 1 at 3.

of the petition for review. The initial decision remains the final decision of the Board regarding the dismissal of the appellant's IRA appeal for lack of jurisdiction.

**NOTICE OF APPEAL RIGHTS**[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:                    _____

                                             Gina K. Grippando
                                             Clerk of the Board

Washington, D.C.